IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABAYOMI ADEDEJI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.   05 C 7266 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| COUNTY OF COOK, ILLINOIS, a local public | ) |
| entity under the laws of the State of Illinois; | ) |
| THOMAS DART, Sheriff of Cook County; | ) |
| MICHAEL SHEAHAN, former Sheriff of | ) |
| Cook County; and LIEUTENANT JERRY | ) |
| CAMEL, SERGEANT CHRISTOPHER YOUNG, | ) |
| SERGEANT HENDERSON, and OFFICER | ) |
| ALVEAR, as individuals, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Abayomi Adedeji filed a six-count first amended complaint[1] under 42 U.S.C. § 1983 against defendants: (1) Cook County; (2) Sheriff Thomas Dart, in his official capacity; (3) former Sheriff Michael Sheahan, in his official capacity; (4) Lieutenant Jerry Camel; (5) Sergeant Christopher Young; (6) Sergeant Henderson[2]; and (7) Officer Alvear.  Plaintiff alleges: (1) cruel and unusual punishment; (2) conspiracy to use excessive force; (3) conspiracy to fail to protect; (4) use of excessive force; and (5) failure to protect, as well as (6) a claim for statutory indemnification against Cook County.  Defendants Cook County, Dart, Sheahan, and Alvear have filed a motion to dismiss pursuant to Fed. R. Civ. P. 4(m) and 12(b)(6).  For the reasons

---

[1]The court granted leave on October 31, 2006, for plaintiff's appointed counsel to file an amended complaint by December 29, 2006.

[2]Plaintiff states in his response to defendants' motion to dismiss that he believes defendant Henderson to be deceased.

discussed below, the court (1) grants the motion to dismiss defendant Dart; 2) denies the motion to dismiss defendant Dart in his official capacity; (3) grants the motion to dismiss defendant Cook County from Counts I through V; (4) grants the motion to dismiss defendants Henderson, Alvear, Camel, and Young in their official capacities; (5) denies the motion to dismiss defendant Henderson in her individual capacity; and (6) denies the motion to dismiss defendant Alvear in his official capacity for untimely service.

## **FACTS**[3]

From January 2002 to June 2004, plaintiff was a detainee under the control and custody of the Cook County Department of Corrections ("CCDOC"), a department of the Cook County Sheriff's Office.[4] On March 12 and 13, 2004, plaintiff was held in the Protective Custody wing of the Cook County Jail, located in Chicago, Illinois.

On the evening of March 12, 2004, inmates removed a sprinkler head from the sprinkler system in the Protective Custody wing and flooded it. In response, guards entered each cell in the wing and threw each inmate's personal effects and papers onto the flooded floor. Plaintiff's cellmate tried to prevent the guards from entering their cell but was unsuccessful; the guards forcibly removed plaintiff and his cellmate and destroyed their belongings and papers.

---

[3]The facts recited herein are those alleged in the complaint which, for purposes of a Rule 12(b)(6) motion, the court accepts as true. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

[4]From June 2004 to September 2006, plaintiff was held at the Stateville Correctional Center in Joliet, Illinois. On September 5, 2006, plaintiff's conviction was reversed and plaintiff was released from custody; the State is appealing the reversal.

According to plaintiff, defendant Henderson and approximately eight other correctional officers moved plaintiff and his cellmate to an isolated room and forced them to remove all clothing for a body cavity search. Defendant Henderson then ordered both men to squat naked, bend over, and cough; she forced them to remain in that position for between twenty and thirty minutes while she taunted plaintiff. Defendant Henderson then ordered both men shackled hand and foot and forced them to stand naked for another thirty minutes while she and other guards verbally abused them.

Defendant Henderson then returned plaintiff to his cell, at which point she told him, "I'm going to get you fucked up! I'm going to get someone to fuck you up. I'm going to get another nigger from another deck to fuck you up!" At the end of her shift, defendant Henderson met with defendants Camel, Young, and Alvear, correctional officers, and told them to bring general population detainees to plaintiff's cell in the Protective Custody wing. At 3:00 am on March 13, defendant Alvear approached plaintiff's cell with two general population detainees. Defendant Alvear let the two inmates enter plaintiff's cell, where one inmate attacked plaintiff. The inmates then dragged plaintiff from his cell into the dayroom area, where they began to beat him. Plaintiff asked defendant Alvear to help him and to make an emergency call on his radio, but defendant Alvear walked out of the dayroom and joined defendants Young and Camel in the hallway. The guards cheered on the beating, which continued until plaintiff was unconscious.

As a result of the beating, plaintiff was first treated at the jail's Division 11 internal medical unit and then transferred to Cermak Medical Center. Plaintiff began having nightmares about the incident and became suicidal, which led to his transfer to the Cermak Medical Center

psychiatric wing, where he was placed on suicide watch and held in four-point restraint in the "naked room." Plaintiff remains under psychiatric care and medication as a result of the beating.

According to plaintiff, his beating is one example of what has become a "routine practice" of excessive force by CCDOC guards. Plaintiff alleges that guards frequently beat detainees to punish them or to retaliate against them for complaining about conditions of confinement. Although policies exist to prevent the use of excessive force, they are not enforced; instead, the incidents are not investigated, and guards falsify incident reports or refuse to file reports at all. Guards are rarely disciplined for administering these beatings because of a "code of silence" among CCDOC employees. Employees who break the code of silence face harassment and threats to their own safety.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Szumny v. Am. Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001).

Statute of Limitations

Defendants argue that official capacity claims against Cook County, Michael Sheahan, and Thomas Dart are barred by the statute of limitations.[5] The time period for bringing a § 1983 claim in the state of Illinois is two years. Dixon v. Chrans, 986 F.2d 201, 203 (7th Cir. 1993). Defendants claim that because the incidents of which plaintiff complains occurred on March 12 and 13, 2004, plaintiff was required to file his complaint naming Sheahan and Dart as defendants by March 13, 2006. The original pro se complaint, filed on January 13, 2006, did not name Sheahan, Dart, or the County. Pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Accordingly, pro se complaints are to be liberally construed. McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000).

Plaintiff first argues that he intended to sue the correctional officers in both their individual and official capacities. See, e.g., Monell v. New York City Dep't of Social Services, 435 U.S. 658, 690 n. 55 (1978). Thus, plaintiff argues that inclusion of an official capacity claim constitutes a Monell action against the county and the sheriffs at present (Dart) and at the time of the incident (Sheahan).

Second, plaintiff argues that the affidavit he filed on March 2, 2006, to which he attached his CCDOC grievance, constitutes an exhibit to his original complaint and states a sufficient Monell claim against the Sheriff's Department itself. As mentioned above, plaintiff is correct that this court holds pro se complaints to "less stringent standards than formal pleadings drafted

---

[5]Plaintiff concedes that he brings claims against defendants Sheahan and Dart only in their official capacities.

by lawyers." Haines, 404 U.S. at 520. Additionally, under Fed. R. Civ. P. 10(c), a "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Because plaintiff references his grievance in his original complaint, the court will consider the affidavit, to which plaintiff attached his grievance, as an exhibit to the complaint. This exhibit, which was filed with the court and available to the Sheriff's Department and original defendants (both when it was filed with the court and when plaintiff originally filed it with the CCDOC), makes clear plaintiff's intent to pursue claims for "the Cook County Sheriff['s] Department's failure to protect protective custody inmates." Plaintiff therefore stated a § 1983 claim against the Sheriff's Department within the two-year statute of limitations.

Plaintiff sues defendants Sheahan and Dart only in their official capacities. Because defendant Sheahan is no longer Sheriff of Cook County, the court dismisses all claims against him. Additionally, defendant Cook County has no authority to control the Sheriff of Cook County or his officers and cannot be held liable for any actions relating to the operation and supervision of the Cook County Jail. Acevedo v. Robinson, 2000 WL 185797, *2 (N.D. Ill. Feb. 10, 2000). The court therefore grants defendants' motion to dismiss the § 1983 claims brought against the County. Defendant Cook County, however, remains a party to Count VI of the amended complaint (indemnification).[6]

---

[6]Defendant argues that plaintiff cannot recover punitive damages from defendant Cook County as an indemnitor of the Cook County Sheriff's Office. Plaintiff concedes that punitive damages are not available as a remedy under Count VI.

Official Capacity Claims

Plaintiff has filed claims against defendants Henderson, Alvear, Camel, and Young in both their official and individual capacities. As noted by both parties, "[s]uing a correctional officer in his official capacity is, of course, the same thing as suing the entity itself." Monell, 436 U.S. 658, 690 n. 55 (1978). The court therefore dismisses claims against these defendants in their official capacities as duplicative of the surviving claims against defendant Dart.

Claims Against Defendant Henderson

Defendants argue that plaintiff brings claims against defendant Henderson only in her official capacity, and because such claims are duplicative of those brought against defendants Cook County, Dart, and Sheahan, she should be dismissed from the instant suit entirely. Plaintiff's first amended complaint, however, names defendant Henderson not only in her official capacity, but also as an individual. Both parties state that defendant Henderson is deceased, but neither party has spread her death of record. Pursuant to Fed. R. Civ. P. 25(a), once defendant Henderson's death is spread of record, plaintiff has 90 days to move to substitute her estate as a party. If plaintiff fails to make such a motion, the court will dismiss all claims against defendant Henderson in her individual capacity.

Service On Defendant Alvear

Finally, defendants argue that service on defendant Alvear was untimely under Fed. R. Civ. P. 4(m), which provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court shall dismiss the action as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." The 120-day period begins when the plaintiff files a complaint against a particular defendant. Geiger v. Allen, 850 F.2d 330, 332 (7th Cir. 1988).

In the instant case, plaintiff filed his initial complaint on January 13, 2006. As of May 14, 2006, 120 days later, plaintiff had not served defendant Alvear. However, on January 13, 2006, the court granted plaintiff's motion to proceed in forma pauperis and appointed the U.S. Marshal Service to serve defendant Alvear. Under Fed. R. Civ. P. 4(c)(2), a pro se plaintiff proceeding in forma pauperis may rely fully on the Marshal to effect service of process, and such reliance establishes good cause under Fed. R. Civ. P. 4(m) for failure to effect service of process within the 120-day time period. Antonelli v. Sheahan, 81 F.3d 1422, 1426 (7th Cir. 1996).

The U.S. Marshal attempted to serve defendant Alvear and returned the summons unexecuted on February 1, 2006. On February 17, 2006, plaintiff provided the U.S. Marshal with defendant Alvear's badge number and physical description, as well as the address, location, and time of the incident alleged in his complaint. On March 13, 2006, the court issued an alias summons to defendant Alvear, and on April 19, 2006, plaintiff filed a copy of a CCDOC disciplinary report including defendant Alvear's name, signature, and badge number. On May 9, 2006, the U.S. Marshal again returned the summons unexecuted. On August 28, 2006, the court

8

ordered the U.S. Marshal to reattempt service on defendant Alvear, noting that "plaintiff seem[ed] to have provided ample identifying information" regarding defendant Alvear. In October 2006, the U.S. Marshal's office admitted that it had lost the summons and asked the court to reissue an alias summons for defendant Alvear. On December 14, 2006, the U.S. Marshal's office finally served Alvear. Plaintiff has made every effort to serve Alvear and to provide the U.S. Marshal with sufficient information with which to effect service of process. Because plaintiff has demonstrated ample good cause for serving Alvear outside of the normal 120-day time limit, the court denies defendants' motion to dismiss Alvear for untimely service.

## **CONCLUSION**

For the reasons discussed above, the court: (1) grants the motion to dismiss defendant Sheahan; (2) denies the motion to dismiss defendant Dart in his official capacity; (3) grants the motion to dismiss defendant Cook County from Counts I through V; (4) grants the motion to dismiss defendants Henderson, Alvear, Camel, and Young in their official capacities; (5) denies the motion to dismiss defendant Henderson in her individual capacity; and (6) denies the motion to dismiss defendant Alvear in his official capacity for untimely service. Defendants Camel and Young have filed answers to plaintiff's first amended complaint. Defendants Alvear, Dart, and Cook County are directed to file answers to the remaining counts on or before June 21, 2007. Additionally, the court will dismiss the claims brought against defendant Henderson in her individual capacity if plaintiff fails to move to substitute her estate as a party within 90 days after

her death is spread of record. This matter is set for a hearing on status June 28, 2007, at 9:00 a.m.

**ENTER: May 31, 2007**

_____
**Robert W. Gettleman
United States District Judge**